IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-02222-LTB-MJW

DOUG FABSCHUTZ,
SIMON FABSCHUTZ,
IRENE FABSCHUTZ,
ANDREW FIELD, and
GARY FABSCHUTZ,

       Plaintiffs,
v.

SAXBY'S COFFEE, INC., a Georgia corporation;
NICK BAYER;
JOHN D. LARSON;
PROVEN RECORD, INC., d/b/a SAXBY'S COFFEE, a Nevada corporation;
SAXBY'S COFFEE WORLDWIDE, LLC, a Delaware limited liability company;
WALNUT STREET CAPITAL, LLC., a Pennsylvania limited liability company;
WALNUT STREET CAPITAL MANAGEMENT GROUP, LLC., a Pennsylvania limited liability company,

       Defendants.
___

ORDER
___

This matter is before me on a Motion to Set Aside Default for Excusable Neglect filed by Defendant, John D. Larson. [**Doc # 26**] Oral arguments will not materially aid in the resolution of this motion. After due consideration, I GRANT the motion and, as a result, I SET ASIDE the entry of default and ORDER that Larson's answer to the complaint is deemed timely filed.

**I.  Background**

Larson, who is acting *pro se* in this matter, does not dispute that he was personally served with the complaint against him on January 9, 2008. Upon Plaintiffs' motion, an entry of default

was entered against Larson on February 13, 2008, pursuant to Fed. R. Civ. P. 55(a), for failure to file a pleading or otherwise defend this case. Entry of default was entered by the clerk thirty-five days after Larson was served with the complaint and fifteen days out of time. Two days later, on February 15, 2008, Larson filed an answer as well as a "Response to Motion for Entry of Default" [Doc # 22], in which he asserted that he was represented by an attorney in a similar case pending in Chicago. He apparently did not timely respond to the complaint because he "was attempting to talk to his attorney in Chicago before he respond[ed] to this case so neither of the cases would . . . be compromised."

Subsequently, on February 21, 2008, Larson filed the motion at issue here. In this motion he asserts that he entered the answer due date into his electronic calendar, but the similar pending case "caused confusion and information was accidently changed in the electronic calendar causing the date for an answer to pass." As such, he seeks to have the default judgment set aside for excusable neglect.

In response, Plaintiffs oppose this request and argue that Larson has changed his story regarding the reason for his failure to timely respond. They further argue that Larson's reasons did not amount to good cause, but rather constitute proof that he willfully ignored the deadline (while waiting to talk to his Chicago attorney) or of his own negligence (in the electronic calendaring error).

I may set aside the entry of default for "good cause shown." Fed.R.Civ.P. 55(c). The standard for setting aside entry of default pursuant to Fed. R. Civ. P. 55(c) poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed.R.Civ.P. 60(b). *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp* ., 115

F.3d 767, 775 n. 6 (10th Cir. 1997). The good cause standard is liberal in that default judgments are not favored, as the preferred practice is to decide cases on their merits. *See Katzson Bros., Inc. v. United States Environmental Protection Agency*, 839 F.2d 1396, 1399 (10th Cir. 1988). The decision to set aside an entry of default lies within the discretion of the trial court. *Ashby v. McKenna,* 331 F.3d 1148, 1152 (10th Cir. 2003).

To determine whether to vacate the clerk's entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense. *Gilmore v. Carlson*, 72 Fed. Appx. 798, 801 (10th Cir. 2003)(not selected for publication)(*citing United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir.1993)); *see also Hunt v. Ford Motor Co.*, 1995 WL 523646, 3 (10th Cir. 1995)(unpublished opinion). "A court need not consider all of the factors, and may consider other factors as well." *Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. 2005)(not selected for publication)(*citing In re Dierschke*, 975 F.2d 181, 183-84 (5th Cir .1992)).

As an initial matter, I reject Plaintiffs' contention that Larson's differing reasons for his failure to timely respond are necessarily inconsistent and they demonstrate that his explanations "cannot be trusted." I note that Larson is a *pro se* litigant and, as such, I view his pleadings liberally and with some leniency. *See Wesley v. Don Stein Buick, Inc.,* 987 F.Supp. 884, 885 (D. Kan. 1997)("courts generally assume that a *pro se* litigant has neither substantial legal training nor the assistance of an attorney[; accordingly,] courts have often accorded to such litigants some liberality and leniency")(*citing Johnson v. Bd. of County Com'rs County of Fremont,* 868 F.Supp. 1226 (D. Colo. 1994)); *but see United States v. Ware*, 172 F.R.D. 458, 459 (D. Kan.

3

1997)("[i]ndeed, a litigant's *pro se* status does not vitiate his obligation to comply with the Federal Rules of Civil Procedure").

Although it might be inferred that Larson was aware that he intentionally missed the deadline for responding to the complaint, I do not agree that his actions reveal true culpable conduct. "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default." *U.S. v. Timbers Preserve, supra,* 999 F.2d at 454 (citations omitted)(affirming the district court's ruling that a defendant's fugitive status shows a "wilful disregard for the court" and "[h]is culpable conduct will [thus] not be excused or sanctioned").

Furthermore, Plaintiffs have not identified any potential prejudice related to Larson's failure to respond a mere fifteen days out of time, and I also find that Plaintiffs will not be prejudiced in any significant way if the default is set aside. The length of delay is certainly not appreciable under the circumstances of this case. It is not a case where the failure to respond "halted the adversary process" or resulted in "interminable delay and continued uncertainty." *See Porter v. Brancato,* 171 F.R.D. 303, 304 -305 (D. Kan. 1997). Nor would setting aside the entry of default force Plaintiffs into unjust "belated litigation." *Id.* at 305.

Finally, a cursory review of Larson's answer to the complaint reveals that he could present a meritorious defense to Plaintiffs' claims; specifically, that he has been relieved of his obligation to Plaintiffs by other Defendants in this case. *See generally In re Stone,* 588 F.2d 1316, 1319 (10th Cir. 1978)("the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense" under Fed. R. Civ. P. 60(b)).

After considering the above factors, and under the circumstances presented here, I elect to grant Larson's request to set aside the entry of default against him.

ACCORDINGLY, the Motion to Set Aside Default for Excusable Neglect [**Doc # 26**] filed by Defendant, John D. Larson is GRANTED and, as such, the Entry of Default [**Doc # 20**] is SET ASIDE and I ORDER that Defendant's John D. Larson Answer [**Doc #21**] is deemed timely filed.

Dated: March   12  , 2008, in Denver, Colorado.

                BY THE COURT:

                  s/Lewis T. Babcock
                LEWIS T. BABCOCK, JUDGE