IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-02222-LTB-MJW

DOUG FABSCHUTZ,
SIMON FABSCHUTZ,
IRENE FABSCHUTZ,
ANDREW FIELD, and
GARY FABSCHUTZ,

        Plaintiffs,

v.

SAXBY'S COFFEE, INC., a Georgia corporation;
NICK BAYER;
JOHN D. LARSON;
PROVEN RECORD, INC., d/b/a SAXBY'S COFFEE, a Nevada corporation;
SAXBY'S COFFEE WORLDWIDE, LLC, a Delaware limited liability company;
WALNUT STREET CAPITAL, LLC., a Pennsylvania limited liability company;
WALNUT STREET CAPITAL MANAGEMENT GROUP, LLC., a Pennsylvania limited liability company,

        Defendants.
_____

ORDER
_____

This matter is before me on a Motion to Dismiss for Lack of Personal Jurisdiction [**Doc #11**] filed by Defendants, Walnut Street Capital, LLC and Walnut Street Capital Management Group, LLC (the "Walnut Street Defendants"), pursuant to Fed. R. Civ. P. 12(b)(2). Oral arguments will not materially aid in the resolution of this motion. After due consideration, and for the reasons stated, I DENY the motion WITHOUT PREJUDICE.

**I. Background**

Plaintiffs, Doug Fabschutz, Simon Fabschutz, Irene Fabschutz, Andrew Field, and Gary Fabschutz, filed their complaint, based on diversity jurisdiction, seeking relief for various

contract and fraud based claims. As to the Walnut Street Defendants, Plaintiffs assert a single claim seeking damages for fraudulent conveyance.

The relevant factual allegations in Plaintiffs' complaint are as follows. Defendant Nick Bayer organized Defendant Saxby's Coffee Worldwide, a limited liability company, and transferred to it the business assets owned by Defendant Saxby's Coffee, Inc. in July of 2007. Subsequently, in August of 2007, Plaintiffs allege that "Nick Bayer and Saxby's Coffee Worldwide 'sold' Saxby's Coffee Wordwide to Walnut Street Capital, as reported in an August 13, 2007 *Philadelphia Inquirer* article, which relied on Joseph Grasso – a co-founder and partner of Walnut Street Capital – and Nick Bayer, as sources." Plaintiffs thus maintain that several different entities – including the Walnut Street Defendants – "have all operated the same retail coffee chain and franchise with substantially the same business assets under the name 'Saxby's Coffee.'" Plaintiffs' further allege that Saxby's Coffee "has four franchises located within Colorado and its primary wholesale supplier of coffee is the Scottish Roaster, LLC, a Colorado limited liability company."

As a basis for their claim for fraudulent conveyance, Plaintiffs allege that the transfer of business assets to Defendant Saxby's Coffee Worldwide, and the subsequent transfer to Defendant Walnut Street Capital, were done "with actual intent to hinder, delay, or defraud creditors including Plaintiffs." They further assert that the transfers were done "without receiving a reasonably equivalent value in exchange for the transfer or obligation." Specifically, they allege that the sellers in the transfers – Defendant Saxby's Coffee, Inc. and Defendant Saxby's Coffee Worldwide – engaged in transactions for which the remaining assets were unreasonably small in relation to the transaction, or they intended to incur, or believed or

2

reasonably should have believed that Defendant Saxby's Coffee, Inc. and Defendant Saxby's Coffee Worldwide would incur debts beyond their ability to pay as they became due. As a result, Plaintiffs seek judgment against the Saxby Defendants and the Walnut Street Defendants in the form of avoidance of the transfer, damages, costs, attorney fees and interest.

## II. Law

In a lawsuit based on diversity jurisdiction, personal jurisdiction over nonresident defendants is determined by the law of the forum state which, here, is Colorado's long arm statute, C.R.S. § 13-1-124(1)(providing jurisdiction in Colorado courts for, among other things, persons engaged in the transaction of business in Colorado). Because § 13-1-124, has been construed to extend jurisdiction to the full extent of the Constitution, the analysis reduces to a single inquiry of whether jurisdiction offends due process. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004). Personal jurisdiction comports with due process only where a defendant 1) has minimum contacts with the forum state, and 2) where those contacts are such that jurisdiction does not offend traditional notions of fair play and substantial justice. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998).

The first criteria of minimum contacts may be established either under the doctrines of "general" jurisdiction or "specific" jurisdiction. *Id.* Specific jurisdiction requires that the nonresident defendant "has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Id. (quoting Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In the alternative, when a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain general personal

3

jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). "However, because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's 'continuous and systematic general business contacts.'" *OMI Holdings v. Royal Ins., supra,* 149 F.3d at 1091 (*quoting Helicopteros Nacionales de Colombia v. Hall, supra,* 466 U.S. at 416).

In light of the allegations in the complaint, and the arguments raised here, it appears that Plaintiffs are asserting that the Walnut Street Defendants' contacts with Colorado support specific jurisdiction. In Colorado, establishing specific personal jurisdiction requires meeting a three-part test: "(1) the defendant must purposefully avail himself of the privilege of acting in Colorado or of causing important consequences in the state; (2) the cause of action must arise in the forum state from the consequences of the defendant's activities; and (3) the activities must have a substantial enough connection with Colorado to make the exercise of jurisdiction over the defendant reasonable." *Encore Prod., Inc. v. Promise Keepers*, 53 F.Supp.2d 1101, 1116 (D. Colo. 1999). Jurisdiction is only appropriate "if the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state." *OMI Holdings v. Royal Ins., supra,* 149 F.3d at 1091.

### III. Analysis

In support of their motion to dismiss, the Walnut Street Defendants provide me with an affidavit signed by a founder and managing member asserting that the Walnut Street Defendants do not transact or solicit business in Colorado. Additionally, the affidavit specifically avers that

4

the Walnut Street Defendants "have not purchased, been assigned or otherwise acquired, in any way, the assets of either Saxbys Coffee, Inc. or Saxbys Coffee Worldwide, LLC" and, furthermore, that "[t]here has been no sale, assignment, exchange or any other disposition by Saxbys Coffee Worldwide, LLC to" the Walnut Street Defendants.

In contrast, Plaintiffs argue that the available evidence supports a conclusion that the Walnut Street Defendants did purchase Saxby's Coffee; specifically, they refer me to the following evidence attached to their response: a "corporate announcement" dated July 20, 2007 – apparently authored by Defendant Bayer – announcing that "the assets of Saxbys Coffee Inc have been purchased by a group of Philadelphia investors headlined by Mr. Joe Grasso, Chairmen [sic] and CEO of Walnut Street Capital and his partner, Mr. Kevin Meakim" [Exhibit 14]; several traditional and online newspaper articles indicating that Walnut Street Capital "purchased" or "acquired" Saxby's Coffee [Exhibits 8-13]; an affidavit of Plaintiff Doug Fabschutz indicating that he was informed by Defendant John D. Larson that "Nick Bayer and Saxbys Worldwide sold Saxbys Coffee to Walnut Street Capital" [ Exhibit 1]; and an affidavit of Michael Waters indicating that Defendant Bayer "informed me that he sold Saxbys to Walnut Street Capital" [Exhibit 19]. Finally, it appears as though Saxby's Coffee publishes and/or holds out that its office is located in the same location and at the same phone number as Walnut Street Capital. [Exhibits 14, 17-19]

While I agree with the Walnut Street Defendants that the circumstantial evidence that it bought Saxby's Coffee is weak, and is contradicted by the unequivocal affidavit of Joseph Grasso, my consideration of this pre-trial motion to dismiss for lack of personal jurisdiction, without an evidentiary hearing, requires only that Plaintiffs make a *prima facie* showing of

5

personal jurisdiction. *AST Sports Science v. CLF Distrib., supra*, 514 F.3d at 1056 (*citing OMI Holdings v. Royal Ins.*, *supra*, 149 F.3d at 1091; *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)). "The plaintiff may make this *prima facie* showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *AST Sports Science v. CLF Distrib., supra*, 514 F.3d at 1057 (*quoting OMI Holdings v. Royal Ins.*, *supra*, 149 F.3d at 1091). As such, "all factual disputes are resolved in the plaintiff's favor and the plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Behagen v. Amateur Basketball Ass'n of U.S.A.,* 744 F.2d 731, 733 (10th Cir. 1984); *see also Ten Mile Indus. Park v. Western Plains Service Corp.,* 810 F.2d 1518, 1524 (10th Cir. 1987).

In resolving the factual dispute regarding the Walnut Street Defendants' purchase of Saxby's Coffee in favor of Plaintiffs, I also look at the factual allegations in their complaint that Walnut Street Defendants operated Saxby's Coffee, a retail coffee chain and franchise, that Saxby's Coffee has four franchises located within Colorado, and that its primary wholesale supplier of coffee is the Scottish Roaster, LLC, a Colorado limited liability company. When looking at whether the these facts support a conclusion that the Walnut Street Defendants purposefully availed themselves of the privilege of acting in Colorado, I look at the actions which "create a 'substantial connection' with the forum State." *Encore Prod. v. Promise Keepers, supra,* 53 F.Supp.2d at 1117 (*quoting Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)). With only the limited evidence and argument available to me at this time, and when the disputed facts are resolved in favor of Plaintiffs, the actions of operating retail coffee franchises in Colorado, and presumably

6

purchasing coffee from its primary supplier in Colorado, constitute actions that create a substantial connection to Colorado and indicate that the Walnut Street Defendants purposefully availed themselves the privilege of acting in Colorado.

In addition, Plaintiffs' fraudulent conveyance claim related to the alleged improper purchase of Saxby's Coffee by the Walnut Street Defendants – including the franchises located in Colorado – results in the cause of action arising in Colorado from the consequences of said conveyance.

Finally, I must assess whether the alleged fraudulent conveyance resulted in a substantial enough connection with Colorado to make the exercise of jurisdiction over the Walnut Street Defendants reasonable. In order to decide whether exercise of jurisdiction is so unreasonable as to violate "fair play and substantial justice," I consider: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Encore Prod. v. Promise Keepers, supra,* 53 F.Supp.2d at 1118 (*citing Asahi Metal v. Superior Court, supra,* 480 U.S. at 113).

Here, although the burden to litigate in this forum falls on the out-of-state Walnut Street Defendants, "modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity." *AST Sports Science v. CLF Distrib., supra,* 514 F.3d at 1061 (*quoting Burger King v. Rudzewicz, supra,* 471 U.S. at 474). In addition, "[s]tates have an important interest in providing a forum in which their residents can seek redress for injuries [allegedly] caused by out-of-state actors" and "where

7

resolution of the dispute requires a general application of the forum state's law." *OMI Holdings v. Royal Ins., supra,* 149 F.3d at 1096. Next, although Plaintiffs could certainly receive convenient and effective relief in another forum, in this case "the forum state is the most efficient place to litigate the dispute" in light of the claims made against the other Defendants and to avoid piecemeal litigation. *Id.* at 1097. Finally, this case does not implicate "the substantive social policy interests of other states." *Id.* As a result, I determine that the Walnut Street Defendants have not established a "compelling case" that the exercise of personal jurisdiction would be unreasonable in light of the current circumstances. *Burger King v. Rudzewicz, supra,* 471 U.S. at 477.

Therefore, I conclude that at this early point in the litigation, before the parties have even engaged in jurisdiction discovery, Plaintiffs have met their *prima facie* burden of showing facts sufficient to defeat this motion. *See AST Sports Science v. CLF Distrib., supra,* 514 F.3d at 1056 (where the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists; however, in the preliminary stages of litigation, the plaintiff's burden is light).

ACCORDINGLY, I DENY WITHOUT PREJUDICE Defendants Walnut Street Capital, LLC and Walnut Street Capital Management Group, LLC's Motion to Dismiss for Lack of Personal Jurisdiction [**Doc #11**] pursuant to Fed. R. Civ. P. 12(b)(2).

Dated: June   16  , 2008, in Denver, Colorado.

                                                  BY THE COURT:

                                                    s/Lewis T. Babcock
                                                  LEWIS T. BABCOCK, JUDGE